UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN JOHNSON,

                              Plaintiff,

              -v-

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; NYPD POLICE
OFFICERS JOHN AND JANE DOES 1-6, 25TH
PRECINCT,

                              Defendants.

23 Civ. 3018 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Glenn Johnson, who is currently detained at the Anna M. Kross Center

("AMKC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he

was illegally stopped and searched, and that he was subsequently "falsely arrested, imprisoned,

and maliciously prosecuted based upon lies told by the NYPD police officers John and Jane

Does 1–6" of the 25th Precinct." Dkt. 1 at 4.  On April 12, 2023, the Court granted Johnson's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted
permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**DISCUSSION**

**A.      New York City Police Department**

Johnson's claims against the New York City Police Department must be dismissed

because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

any law shall be brought in the name of the City of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010)

("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.      Service on the City of New York**

Because Johnson has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

To allow Johnson to effect service on the City of New York through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for the City of New York.  The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary

for the Marshals Service to effect service upon the City of New York.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons
be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could
not have served the summons and the complaint until the Court reviewed the complaint and
ordered that the summons be issued. The Court therefore extends the time to serve until 90 days
after the date the summons is issued.

If the complaint is not served within 90 days after the date the summons is issued,

Johnson should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Johnson must notify the Court in writing if his address changes, and the Court may

dismiss the action if Johnson fails to do so.

## C.      John and Jane Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Johnson supplies

sufficient information to permit the New York City Police Department to identify the police

officers responsible for the alleged deprivation of his rights.  It is therefore ordered that the New

York City Law Department, which is the attorney for and agent of the New York City Police

Department, must ascertain the identity and badge number of each John and Jane Doe whom

Johnson seeks to sue here and the addresses where these defendants may be served.  The New

York City Law Department must provide this information to Johnson and the Court within sixty

days of the date of this order.

Within thirty days of receiving this information, Johnson must file an amended complaint

naming the John Doe defendants.  The amended complaint will replace, not supplement, the

original complaint.  An amended complaint form that Johnson should complete is attached to this

order.  Once Johnson has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John and Jane Doe Defendants and deliver all documents

necessary to effect service to the U.S. Marshals Service.

**D.      New York Legal Assistance Group**

Johnson may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Johnson may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant.  Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Johnson's claims against New York City Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Clerk of Court is instructed to issue a summons for the City of New York, complete the USM-285 forms with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

Johnson is referred to the NYLAG Pro Se Clinic.  Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

The Clerk of Court is directed to mail an information package to Johnson.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 18, 2023
          New York, New York

PAUL A. ENGELMAYER
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of New York
New York City Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to
New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in
the Southern District of New York is a free legal
clinic staffed by attorneys, law students, and
paralegals to assist those who are representing
themselves or planning to represent themselves,
including incarcerated litigants, in civil lawsuits in
the Southern District of New York federal court,
excluding habeas cases. The clinic is not part of or
run by the court.

Even if a litigant has consulted with Clinic staff,
unless they retain other counsel and that counsel
enters a notice of appearance, they remain
unrepresented; are responsible for doing
whatever is necessary in connection with the case;
and must still submit all court papers to the Pro
Se Intake Unit, located in Room 105 of the Daniel
Patrick Moynihan Courthouse, 40 Foley Square,
New York, New York, or by following the court's
instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in
its professional legal judgement, that (i) you have
refused to cooperate with the Clinic's counsel or follow
the Clinic's advice; (ii) any assistance would be
unreasonably difficult for NYLAG to carry out; or (iii)
your case is or will become frivolous, unreasonable,
groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or
write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic
staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel,
nor does it constitute advertising or a solicitation.





Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

<u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                          _____
Signature                                                                                  Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Revised 10/30/22

Name _____   Date of Birth _____

Facility _____

Identification # _____   Email (if available)_____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office                Order/Letter from the Judge          Conference/Hearing with the Judge

Pro Se Information Package          Website                              Friend/Family

Other _____

**Ethnicity (Circle One)**

Asian/Pacific Islander          Hispanic                Caucasian

African American                Middle Eastern          Decline to Answer

African                         Caribbean

Native American                 South Asian

**Education Level (Circle One)**

8th Grade or Less               GED                     2-4 years of College/Vocational School

Some high school                College graduate        Decline to Answer

High school graduate            Graduate degree

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**